# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| JUNIOUS VITAL, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-12-1357 |
| | § | |
| NATIONAL OIL WELL VARCO, | § | |
| | § | |
| Defendant. | § | |

## ORDER

On March 28, 2014, the defendant in this employment-discrimination case, National Oil Well Varco (NOV), sought leave to file a reply brief in support of its motion for summary judgment. (Docket Entry No. 86). The plaintiffs, eight African-American men who were or are still employed by NOV, opposed the motion. (Docket Entry No. 87). Based on careful review of the motion and responses, the record, and the applicable law, the court grants NOV's motion.

The plaintiffs contend that NOV's proposed reply brief is improper because it repeats the arguments NOV made in its motion for summary judgment. (Docket Entry No. 87 at 1–3). But an examination of the proposed reply brief shows that NOV is not merely "rehashing" arguments, as the plaintiffs contend, but was properly responding to the plaintiffs' arguments raised in their response to the summary judgment motion. For example, the response argues that plaintiffs Heard, Lane, Bellard, and Vital have raised triable issues of fact that NOV is liable under the "cat's paw" theory.[1] (Docket Entry No. 80 at 42–46). NOV did not address this theory in moving for summary

---

[1] "Under the cat's paw theory, a subordinate employee's discriminatory remarks regarding a co-worker can be attributed to the workplace superior, ultimately the one in charge of making employment decisions, when it is shown that the subordinate influenced the superior's decision or thought process." *Haire v. Bd. of Sup'rs of Louisiana State Univ. Agric. & Mech. Coll.*, 719 F.3d 356, 368 (5th Cir. 2013).

judgment. The argument was raised for the first time in the plaintiffs' response. NOV's first opportunity to respond to this argument would be in its reply brief.

Similarly, the plaintiffs argue that the section of NOV's proposed reply brief addressing the plaintiffs' harassment claims "contains almost a literal recitation of the arguments" in the summary judgment motion. (Docket Entry No. 87 at 3). To the contrary, this section addresses arguments the plaintiffs make in their response brief. NOV argues that "neither Bellard, Heard, nor Vital identify any alleged supervisor conduct that a) constitutes unlawful harassment, and b) culminated in the termination of their employment." (Proposed Reply Brief at 23, Docket Entry No. 86, Att. 2). NOV cited to the page of the plaintiffs' response that failed to identify such evidence. (*Id.* at 23 n.92).

NOV's proposed reply also addressed and distinguished a Fifth Circuit case that the plaintiffs cited, *Mota v. University of Texas Houston Health Science Center*, 261 F.3d 512, 525 (5th Cir. 2001). (*Id.* at 23 n.93). NOV's proposed reply brief also addresses the arguments the plaintiffs make in support of their retaliation claims, citing to the relevant pages in the plaintiffs' response brief. (Proposed Reply Brief at 14–17). NOV's proposed reply properly responds to the plaintiffs' arguments.

The plaintiffs also object to what they characterize as the introduction of "new evidence" through the reply brief. NOV attached to its proposed reply brief deposition excerpts from some of the plaintiffs, a superior, and NOV's Human Resources director.[2] NOV had previously attached deposition excerpts of these 6 individuals as exhibits to its summary judgment motion. NOV's reply

---

[2] Docket Entries No. 86–3 (Deposition of Dave Evans); No. 86–4 (Deposition of Samantha Slack); No. 86–5 (Deposition of Jerome Johnson); No. 86–6 (Deposition of Junious Vital); No. 86–7 (Deposition of Gina Mears); and 86–8 (Deposition of Bill Rose).

brief added only 16 additional pages of deposition excerpts. The plaintiffs were aware of these depositions. The supplementation of the summary judgment record will not unfairly burden or prejudice them.

    NOV's motion for leave to file a reply brief in support of its motion for summary judgment, (Docket Entry No. 86), is granted. The evidence NOV attached to its proposed reply is part of the summary judgment record.

    SIGNED on April 21, 2014, at Houston, Texas.

                                          Lee H. Rosenthal
                                     United States District Judge