IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JUNIOUS VITAL, *et al.*, § | |
| § | |
| Plaintiffs, § | |
| § | |
| VS. § | CIVIL ACTION NO. H-12-1357 |
| § | |
| NATIONAL OILWELL VARCO, *et al.*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND OPINION

The plaintiffs, eight African-American men, sued National Oilwell Varco ("NOV"), alleging racial discrimination, retaliation, and a racially hostile work environment. In prior orders, the court dismissed some claims, granted summary judgment in NOV's favor on others, and denied summary judgment on others. The remaining claims are set for a May 15, 2015 docket call, at which the date for jury selection and trial will be set.

At a status conference on October 29, 2014, the court granted NOV's request to submit supplemental briefing on certain claims. NOV briefed Junious Vital's "working out of class" claim and DaWarren Bellard's discriminatory suspension claim, and the plaintiffs responded. (Docket Entry No. 98, 98). NOV also moved for separate trials for the claims of Vital, Jerome Johnson, David Lane, and Edward Jiles; the plaintiffs responded, and NOV replied. (Docket Entry No. 100, 101, 104).

Based on the pleadings; the motions, responses, and reply; the record; and the applicable law, the court grants NOV's motion for summary judgment on Bellard's claim of discriminatory suspension, denies NOV's motion for summary judgment on Vital's working-out-of-class claim, and

denies the motion for separate trials. The reasons for these rulings are set out below.

I.   **Background**

The relevant facts are set out in the court's earlier opinions and are only briefly summarized here. NOV is an oilfield services company. The plaintiffs worked in NOV's Downhole Tools (DHT) or Mission Valve Products (Mission) divisions, both located at NOV's West Gulf Bank Road facility in Houston, Texas. (Docket Entry No. 78-1 at p. 2). DHT and Mission have separate corporate structures and human resources departments, but apply the same antiharassment policy. (Beverly Affidavit at 1). The plaintiffs allege that they experienced discrimination, retaliation, and harassment because they are African-American. The plaintiffs claim that they frequently heard racial slurs and epithets from NOV coworkers and supervisors and saw racist graffiti in the workplace. (Docket Entry Nos. 60; 81). This memorandum and opinion addresses motions relating to Junious Vital, DaWarren Bellard, David Lane, Jerome Johnson, and Edward Jiles.

II.  **NOV's Supplemental Briefing**

   A.   **The Applicable Legal Standard**

Although NOV asks the court to dismiss Vital's working-out-of-class claim and Bellard's suspension claim with prejudice, both NOV and the plaintiffs have asked the court to consider evidence submitted beyond the pleadings. The NOV brief is appropriately considered as a motion for summary judgment.

Summary judgment shall be granted if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007)

with the nonmoving party, the movant may satisfy its initial burden "by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. Although the party moving for summary judgment must demonstrate the absence of a genuine dispute of material fact, there is no need to negate the elements of the nonmovant's case. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 326 (5th Cir. 2009) (internal quotation marks omitted).

"'If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response.'" *United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam)). When the moving party has met its Rule 56(a) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings. The nonmovant must identify specific evidence in the record and explain how that evidence supports that party's claim. *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007). "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Boudreaux*, 402 F.3d at 540 (quoting *Little*, 37 F.3d at 1075). In deciding a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008).

NOV's arguments and the plaintiffs' responses are each considered below.

B.  **Vital's Working-out-of-Class Claim**

Vital claims that he was discriminated against because he performed "lead hand" duties but did not receive the job title. He also claims that NOV discriminated against him by refusing to give him a raise for performing "lead hand" duties. Instead, NOV classified him as a QC Inspector and paid him at the rate corresponding to that role.

NOV first challenges whether its failure to promote Vital to the "lead hand" position was an adverse employment action. "[A]dverse employment actions consist of 'ultimate employment decisions' such as hiring, firing, demoting, promoting, granting leave, and compensating." *Thompson v. City of Waco, Texas*, 764 F.3d 500, 503 (5th Cir. 2014) (citing *McCoy v. City of Shreveport*, 492 F.3d 551, 560 (5th Cir. 2007); *Alvarado v. Tex. Rangers*, 492 F.3d 605, 612 (5th Cir.2007); *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 282 (5th Cir. 2004)). "[A]n employment action that 'does not affect job duties, compensation, or benefits' is not an adverse employment action." *Id.* (citing *Pegram*, 361 F.3d at 282). Vital presented evidence showing that NOV paid leads more than QC Inspectors and that leads have different job responsibilities. (Allen Lane Depo. at p. 109; Southerland Depo. at pp. 40–41). NOV's failure to promote Vital to lead hand or to give him the same job title or pay increase as others who performed lead duties was an adverse employment action.

Vital testified that he had seen African-Americans perform lead hand duties without having the lead hand title and pay rate, but that he had never seen employees of other races perform those duties without the title and increased pay. (Docket Entry No. 98, Ex. A, ¶¶ 6–7). Vital also testified that "Guy," who was outside the protected class, performed the lead hand duties after him and was given the "lead hand" title. (Vital Depo. at p. 76). NOV claims that Vital did not suffer any lost pay

because he got a $1.00 per hour raise in December 2008 while he was performing lead hand duties. (Docket Entry No. 78, Ex. 3, p. 6). The record shows that this was a merit increase unrelated to the lead hand duties Vital was doing. NOV does not contend that it paid Vital at the lead hand rate. (Beverley Affidavit, Ex. 3). NOV has not articulated a legitimate nondiscriminatory reason for treating Vital differently than lead hands who were not in the protected class. Instead, NOV argues and points to evidence showing that lead hands do not receive additional pay. (Evans Depo. at p. 245; Docket Entry No. 98, p. 3). But the record evidence also supports a different conclusion. The evidence Vital has submitted raises factual disputes material to determining whether NOV discriminated against Vital by assigning him lead hand duties without changing his job title or paying him at a higher lead hand rate. Summary judgment on this claim is denied.

### C. Bellard's Suspension Claim

Bellard claims that NOV discriminated against him by placing him on involuntary leave in May 2011. NOV responds that Bellard was not suspended but rather placed on medical leave. (Docket Entry No. 98, p. 4).

The record evidence shows that Bellard went on medical leave beginning in May 2011 because of heart problems. (Bellard Depo. at 130, 182–83; Slack Depo. at 75–77). His leave was approved for up to one year. (Slack Depo. at 77). Although Bellard testified that he was also on medical leave in 2010, this testimony does not raise a fact issue about whether Bellard was on medical leave in May 2011. Bellard himself testified that he went on leave because of problems with his medication, not because of any disciplinary suspension. (Docket Entry No. 99, Ex. G).

NOV's motion for summary judgment on Bellard's suspension claim is granted.

### D. The Remaining Claims

The following claims remain:

| Junious Vital | Discrimination based on:<br>- Failure to provide educational benefits<br>- Working out of class<br>Hostile work environment |
|---|---|
| Damon Darby | Hostile work environment |
| David Lane | Discrimination based on:<br>- Termination<br>- Failure to provide educational benefits<br>Hostile work environment |
| Herbert Heard | Discrimination based on:<br>- Failure to provide educational benefits<br>Hostile work environment |
| Billy Rose | Hostile work environment |
| Jerome Johnson | Discrimination based on:<br>- Constructive discharge<br>Hostile work environment<br>Retaliation based on:<br>- Failure to promote |
| Edward Jiles | Discrimination based on:<br>- Suspension<br>Hostile work environment |
| DaWarren Bellard | Hostile work environment |

The issue raised in NOV's remaining motion is whether some of these claims should be separately tried.

## III. NOV's Motion for Separate Trials

NOV moved under Rule 42(b) of the Federal Rules of Civil Procedure to have separate trials on the claims asserted by David Lane, Edward Jiles, Jerome Johnson, and Junious Vital. Rule 42(b) allows a district court to order separate trials "to expedite and economize, for convenience, or to avoid prejudice." *Alaniz v. Zamora-Quezada*, 591 F.3d 761, 773 (5th Cir. 2009). "'Whether to

conduct separate trials under the Rule is 'a matter left to the sound discretion of the trial court on the basis of circumstances of the litigation before it.'" *Id.* at 773–74 (citing CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FED. PRAC. & PROC. (3d ed.) § 2388 (2010)). "The burden is on the party seeking separate trails to prove that separation is necessary." *Houston McLane Co. v. Connecticut Gen.*, No. Civ. A. H-06-1508, 2006 WL 3050812, at *2 (S.D. Tex. Oct. 24, 2006) (citing WRIGHT & MILLER, FED. PRAC. & PROC. § 2388). A leading treatise notes that:

> The provisions for separate trials in Federal Rule 42(b) is intended to further many significant policies—the parties' convenience, the avoidance of delay and prejudice, and the promotion of the ends of justice. It is in the interest of efficient judicial administration that is to be controlling under the rule, rather than the wishes of the parties. The piecemeal trial of separate issues in a single lawsuit or the repetitive trial of the same issue in severed claims is not to be the usual course.

WRIGHT & MILLER, FED. PRAC. & PROC. § 2388.

Applying the standard to this case readily leads to the conclusion that efficient judicial administration is not served by separately trying the claims asserted by Jiles, Johnson, and Vital. Each of these plaintiffs claims that NOV subjected him to a hostile work environment in the Downhole Tools division. These claims involve many of the same witnesses and overlapping evidence. The fact that these three plaintiffs have also asserted additional claims does not reduce the judicial economy of trying the claims together. Jiles's claim for discriminatory suspension, Vital's claims for discriminatory denial of educational benefits and out-of-class work, and Johnson's claims for discriminatory constructive discharge and retaliatory failure to promote are all related to the common allegations and evidence of racial discrimination at NOV. The small number of additional claims means that the court can clearly instruct the jury on the different legal standards

and the jury can apply them without an undue risk of jury confusion or prejudice to either party.

Lane's claims present a closer question, but careful analysis leads to the same conclusion—his claims should be tried with those of the other plaintiffs. NOV emphasizes that Lane worked in the Mission division, not the DHT division, although both divisions are at NOV's West Gulf Bank facility. NOV also emphasizes that although Lane asserts that he saw the same type of racist graffiti and heard similar types of racist remarks from coworkers and supervisors as the other plaintiffs, no evidence shows that Lane saw the same graffiti as the other plaintiffs or heard the same people make racist comments. But even if some of the evidence and witnesses will be different for Lane's claims than for the other plaintiffs, the claims and the legal standards are the same, the events are similar, and they allegedly occurred at around the same time. Lane's additional claims for discriminatory termination and the failure to provide educational benefits are related to his racial discrimination and hostile work environment claims. In short, the facts, witnesses, and legal standards substantially overlap. Judicial economy weighs in favor of trying all of Lane's claims together with those of the other plaintiffs. NOV's Rule 42(b) motion is denied.

## IV. Conclusion

NOV's renewed summary judgment motion, (Docket Entry No. 98), is granted in part, as to Bellard's wrongful suspension claims, and otherwise denied. NOV's motion for separate trials, (Docket Entry No. 100), is denied.

SIGNED on April 16, 2015, at Houston, Texas.

Lee H. Rosenthal
United States District Judge