UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JUNIOUS VITAL, DAMON DARBY
HERBERT HEARD, BILLY ROSE
JEROME JOHNSON, DAVID LANE,
EDWARD JILES, DEWARREN                    Civil Action No. 4:12-CV-1357
BELLARD,

        Plaintiffs                    Judge Lee H. Rosenthal

v.

NATIONAL OILWELL VARCO,
        Defendant

### DEFENDANT NATIONAL OILWELL VARCO, L.P.'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR NEW TRIAL

Christopher E. Moore, Esq. (Attorney-in-Charge),
TX Bar No. 24052778; SDTX Bar No. 713063
Christine M. White, Esq.
TX Bar No. 24068713; SDTX Bar No. 712655
Jennifer L. Englander, Esq.
LA Bar No. 29572; SDTX Bar No. 1430436
Monique R. Gougisha-Doucette, Esq.
LA Bar No. 28057, SDTX Bar No. 1552047
**OGLETREE, DEAKINS, NASH, SMOAK , &
STEWART, P.C.**
701 Poydras Street, Suite 3500
New Orleans, LA 70139
Telephone:  (504) 648-3840
Facsimile:  (504) 648-3859
Christopher.Moore@ogletreedeakins.com
Christine.White@ogletreedeakins.com
Jennifer.Englander@ogletreedeakins.com
Monique.Gougisha@ogletreedeakins.com

**AND**

John Zavitsanos, Esq.

TX Bar Bar No. 22251650
Federal No. 9122
**Ahmad, Zavitsanos, Anaipakos, Alvavi &
Mensing, P.C.**
1221 McKinney Street, Suite 3460
Houston, Texas 77010
Telephone:  (713) 655-1101
Facsimile:  (713) 655-0062
jzavitsanos@azalaw.com

Attorneys for Defendant, National Oilwell Varco,
L.P.

# <u>TABLE OF CONTENTS</u>

TABLE OF CONTENTS ..................................................................................................... i

TABLE OF AUTHORITIES ............................................................................................ ii

I.    PLAINTIFFS MISSTATE THE FEDERAL RULE OF CIVIL PROCEDURE 59
      STANDARD AND FAIL TO CARRY THEIR BURDEN. ............................................... 1

II.   NO PREJUDICIAL ERROR RESULTED FROM ANY ALLEGED
      VIOLATIONS OF ORDERS IN *LIMINE*. ........................................................... 2

III.  PLAINTIFFS' EEOC CHARGES WERE ADMITTED AS TRIAL EXHIBITS
      WITHOUT OBJECTION, ENTITLING ALL PARTIES TO USE THOSE
      EXHIBITS AS SUBSTANTIVE EVIDENCE AND FOR IMPEACHMENT
      PURPOSES. ................................................................................................... 5

IV.   THE COURT DID NOT ERR BY ALLOWING NOV TO USE THE
      STATEMENT OF FACTS IN THE AMENDED COMPLAINT
      DURING CROSS-EXAMINATION. ................................................................... 7

V.    THE COURT DID NOT COMMIT A PREJUDICIAL ERROR BY
      ALLOWING NOV TO REFERENCE THE FMC COMPLAINT. ................................ 9

VI.   PLAINTIFFS MAKE BASELESS ACCUSATIONS OF ATTORNEY
      MISCONDUCT. ............................................................................................. 12

VII.  CONCLUSION ............................................................................................. 15

# TABLE OF AUTHORITIES

**Page**(s)

**Cases**

*Bryant v. FMC Technologies, Inc.*,
   No. 08-cv-03744 (S.D. Tex. Dec. 26, 2008), ECF No. 1 .................................................9, 10, 11

*Johnson v. Michelin Tire Corp.*,
   812 F.2d 200 (5th Cir. 1987) .....................................................................................................4

*Kumho Tire Co. v. Carmichael*,
   526 U.S. 137 (1999)..................................................................................................................13

*Martinez v Bally's Louisiana, Inc.*,
   244 F.3d 474 (5th Cir. 2001) .....................................................................................................8

*Nissho-Iwai Co. v. Occidental Crude Sales, Inc.*,
   848 F.2d 613 (5th Cir. 1998) .....................................................................................................4

*Sibley v. Lemaire*,
   184 F.3d 481 (5th Cir. 1999) .....................................................................................................1

*White v. ARC/Polymers, Inc.*,
   720 F.2d 1391 (5th Cir. 1983) ...................................................................................................8

*Winter v. Brenner Tank, Inc.*,
   926 F.2d 468 (5th Cir. 1991) ................................................................................................3, 12

*In re Zonagen, Inc. Securities Litigation*,
   322 F.Supp.2d 764 (S.D. Tex. June 13, 2003) ..........................................................................8

**Statutes**

42 U.S.C. 706(b) .............................................................................................................................6

**Other Authorities**

Fed. R. Civ. P. 11 ............................................................................................................................9

Fed. R. Civ. P. 61 ....................................................................................................................1, 2, 3

Fed. R. Civ. P. 104..........................................................................................................................4

Fed. R. Evid. 59 ....................................................................................................................1, 5, 7, 15

Fed. R. Evid. 611 ..........................................................................................................................12

Fed. R. Evid. 613 ........................................................................................................6, 13

Fed. R. Evid. 702 ...........................................................................................................13

Fed. R. Evid. 801 .............................................................................................................8

Defendant National Oilwell Varco ("NOV") asks the court to deny Plaintiffs' Motion for New Trial because the trial proceedings subjected the Plaintiffs to no injustice.

## I. PLAINTIFFS MISSTATE THE FEDERAL RULE OF CIVIL PROCEDURE 59 STANDARD AND FAIL TO CARRY THEIR BURDEN.

In their Motion for New Trial under Federal Rule of Civil Procedure 59, Plaintiffs misstate their required burden of proof. They argue that "a new trial may be made on grounds that the trial was unfair or that 'prejudicial error was committed in its course.'" Pls.' Mot. New Trial, October 13, 2015, ECF. No. 199 1 (citing *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 612–13 (5th Cir. 1985)). But the Fifth Circuit requires even greater proof than Plaintiffs' citation identifies. "Courts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests on the party seeking the new trial." *Sibley v. Lemaire,* 184 F.3d 481, 487 (5th Cir. 1999) (quoting *Del Rio Distrib., Inc. v. Adolph Coors Co.*, 589 F.2d 176, 179 n. 3 (5th Cir. 1979)). In their Motion for New Trial, Plaintiffs do not show that prejudicial error has crept into the record or that substantial justice has not been done.

Plaintiffs' arguments ignore the impact of Federal Rule of Civil Procedure 61. "Unless justice requires otherwise, no error in admitting or excluding evidence—or any other error by the court or a party—is ground for a granting a new trial . . . ." Fed. R. Civ. P. 61. Accordingly, even if the Plaintiffs had proved there was evidentiary error during trial,[1] they have not shown that it amounts to anything greater than the harmless error excused by Federal Rule of Civil Procedure 61.

As shown in the subsequent discussion, every claim of error in Plaintiffs' Motion for New Trial is inaccurate, has been waived already, or is harmless. Accordingly, the Plaintiffs

---

[1] Notably, the Plaintiffs' claims of error omit even a single citation to the trial record. *See* Mot. New Trial, ECF. No. 199 *passim*.

1

have not shown either the creep of prejudicial error or the denial of substantial justice.  Their motion for new trial should be denied.

## II.     NO PREJUDICIAL ERROR RESULTED FROM ANY ALLEGED VIOLATIONS OF ORDERS IN *LIMINE.*

NOV did not violate the Court's ruling with respect to Plaintiffs' motions for *limine* 21 or 22 "over and over again." Mot. New Trial, ECF. No. 199 at 1.   Contrary to Plaintiffs' characterization in their Motion for New Trial, the Court did not grant those *limine* without qualification.  *See id*.   At the pretrial conference held on May 26, 2015, the Court granted Plaintiffs' motions in *limine* 21 and 22 as to the claims that had been dismissed from the case and those that were made by Plaintiffs but were no longer part of the lawsuit, respectively, but deferred decision on the admissibility of the underlying evidence supporting such claims.  *See* Tr. Pretrial Conference, vol. 1, May 26, 2015 23:14–28:21.[2]  NOV repeatedly complied with these rulings both in the questions it asked and the manner in which it displayed portions of Plaintiffs' Amended Complaint at trial.  *See, e.g.*, Jury Trial Tr. Day 4 (Morning Session), Sept. 19, 2015 11:16–17, 12:17–14:25 (examining and displaying Plaintiff Billy Rose's factual allegations that he was not paid same raise as non-African American);  Jury Trial Tr. Day 6 (Afternoon Session), Sept. 22, 2015 143:8–10; 144:5–145:24 (examining Plaintiff DeWarren Bellard's factual allegations that he was denied a promotion given to a less-qualified non-African American).

NOV mistakenly violated Plaintiffs' motion in *limine* 2, but any error was harmless. Order in *limine* 2 applied to references "to any financial or contractual arrangement between Plaintiff and his attorneys or any reference that Plaintiff has agreed to pay or will be obligated to pay a percentage of his recovery or any other sum of money to his attorney(s)."  Pls.' Mot.

---

[2] Excerpts to cited Transcripts are contained in the Appendix attached to this Opposition as items A-L.

*Limine*, May 22, 2015, ECF. No. 112 2.   "To warrant a new trial the defense counsel's misconduct in the form of improper questioning must be so pronounced and persistent that it permeates the entire proceeding." *Winter v. Brenner Tank, Inc.*, 926 F.2d 468, 472–73 (5th Cir. 1991) (citations omitted) (holding that violations of order in *limine* did not constitute error sufficient to deny a fair trial to the movant for new trial); *see also* Fed. R. Civ. P. 61.   In *Winter*, the Fifth Circuit found it significant that the trial court "delivered an immediate curative instruction . . . the defense counsel made no additional references" to the subject matter of the order in *limine*, and that the movant for new trial "acquiesced in the court's curative instructions by failing to request a mistrial." *Id.*   Here, the violation of the order in *limine* was brief and unremarkable during a thirteen-day trial.   Plaintiffs' counsel objected to NOV's questions about the contingent-fee arrangement existing between Mr. Rose and his lawyer, the Court took immediate curative action by sustaining the objection, and NOV moved on from the question.   Jury Trial Tr. Day 4 (Morning Session), Sept. 19, 2015 79:8–18.   And as was the case in *Winter*, Plaintiffs failed to request a mistrial on the basis of this question.   Consistent with precedent and Federal Rule of Civil Procedure 61, this Court "at every state of the proceeding must disregard any error which does not affect the substantial rights of the parties."

Plaintiffs mischaracterize this Court's orders relating to their motions in *limine* 3 and 4.[3] NOV did not violate orders in *limine* 3 or 4.   The Court granted those motions with the following understanding: the orders excluded "broad statement[s] about . . .  ad hom[inem] statement[s] that [are] untethered to any evidence."   Tr. Pretrial Conference, vol. 1, at 7:9–9:18.   NOV's

---

[3] One conspicuous, if inconsequential, mischaracterization is misidentifying their numbers as motions in *limine* 1 and 2.

examination of Plaintiffs' motivations,[4] and comments made in closing, were linked closely to the evidence developed throughout trial.  Specifically, NOV introduced evidence showing how Plaintiffs' allegations of discrimination and racial harassment metastasized from the time they were NOV employees, to the time they filed charges with the Equal Employment Opportunity Commission ("EEOC"), to the time of their depositions, to the time of the pretrial Federal Rule of  Civil Procedure 104 hearing, to the time of trial.  *See, e.g.*, Jury Trial Tr. Day 9 (Morning Session), Sept. 29, 2015 at 73:19–87:21; Jury Trial Tr. Day 9 (Afternoon Session), Sept. 29, 2015 at 26:11–27:15.   And the direction of this growth tracked that of a case with which Plaintiffs were familiar.  *See, e.g.*, *id.* at 85:17–25.   Moreover, even if the comments during closing were improper, Plaintiffs waived that argument by failing to object during closing.  *See, e.g.*, *Nissho-Iwai Co. v. Occidental Crude Sales, Inc.*, 848 F.2d 613, 619 (5th Cir. 1998) (failure to object to improper arguments during closing prevented new trial movant "from urging the improper arguments as grounds for a new trial after the jury had returned its verdict") (quoting *Computer Sys. Eng'g, Inc. v. Qantel Corp.*, 740 F.2d 59, 69 (1st Cir. 1984)).

Plaintiffs' final two claims of prejudicial error based on alleged violations of orders in *limine* were waived at trial, and thus cannot serve as a basis for granting a motion for new trial, even if true.  *See, e.g.*, *Johnson v. Michelin Tire Corp.*, 812 F.2d 200, 210 n. 8 (5th Cir. 1987) (it is proper to deny motion for a new trial on an issue of evidentiary error when subject of claimed error is mentioned without objection).   Counsel failed to object on the basis of order *in limine* number 20 as NOV witness Simon Guajardo testified as to the effect of any judgment on his budget and cross-examined him on this subject.  *See* Jury Trial Tr. Day 12 (Morning Session),

---

[4] NOV can find no substantiation in the record for the accusation that "Counsel repeatedly made statements that Plaintiffs 'wanted millions of dollars' and filed a 'frivolous lawsuit.'" Mot. New Trial, ECF. No. 199 at 6.  The only use of the word "frivolous" found was made by Plaintiff Junious Vital, repeatedly.   Trial Tr. Day 9 (Afternoon Session), Sept. 29, 2015 at 60:13, 72:3, 125:7.  NOV counsel referred to Mr. Vital's "want[ing]" hundreds of millions of dollars once.  *Id.* at 128:16–129:3.

Oct. 2, 2015 at 54:7–55:25; 67:17–69:22; *see also* Jury Trial Tr. Day 11 (Afternoon Session),

Oct. 1, 2015 at 21:25–23:2 (direct examination of expert witness Kenneth Lehrer being asked by

Plaintiffs' counsel about NOV's ability to voluntarily pay dividends to shareholders).  Similarly,

counsel did not object to or move to strike repeated instances of Plaintiffs' witnesses

volunteering that Plaintiffs' counsel had ties to San Francisco, California.  *See, e.g.*, Jury Trial

Tr. Day 4 (Afternoon Session), Sept. 18, 2015 at 112:14–19; Jury Trial Tr. Day 11 (Afternoon

Session), Oct. 1, 2015 at 37:23–38:8.  Indeed, Plaintiffs' counsel proclaimed her geographical

connections to California.  *See* Jury Trial Tr. Day 13 (Second Session), Oct. 5, 2016 at 53:19–21

("I was an elected official in the city and county of San Francisco for eight years, when my dad

was the mayor.").  Plaintiffs claim error on issues that they did not object to at trial—and in some

instances, advanced themselves.  Plaintiffs' failure to object and offensive use of their

geographical connections results in waiver.  Even if not waived, the error alleged is insufficient

under the Federal Rule of Civil Procedure 59 standard to grant a motion for new trial.

**III.    PLAINTIFFS' EEOC CHARGES WERE ADMITTED AS TRIAL EXHIBITS WITHOUT OBJECTION, ENTITLING ALL PARTIES TO USE THOSE EXHIBITS AS SUBSTANTIVE EVIDENCE AND FOR IMPEACHMENT PURPOSES.**

Plaintiffs' argument that NOV "inappropriately" used their EEOC Charges for

impeachment purposes is frivolous, since those same EEOC Charges were listed on Plaintiffs'

Amended Exhibit List and admitted in evidence at trial without any objection.[5]  Plaintiffs'

attempt to retroactively challenge the admissibility and use of these documents in a post-trial

motion is disingenuous, at best.

Even if Plaintiffs' argument regarding the "improper use" of the EEOC Charges was not

defeated by their own designation of the documents as trial exhibits (which it is), Plaintiff's

---

[5] Rec. Doc. 135.  See Plaintiffs' Exhibits Nos. 33, 36, 54, 55, 66, 68, 100 and 133.

reliance on the Fifth Circuit's holdings in *Thomas v. Texas Dep't of Criminal Justice*, 220 F.3d 389 (5th Cir. 2000) and *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455 (5th Cir. 1970) to support their argument is misplaced.  Both Thomas and Sanchez analyzed whether the claims in a party's Title VII complaint went beyond the scope of the allegations in the preceding EEOC Charges, thereby potentially barring such claims from judicial review based upon the failure to properly exhaust administrative remedies.  Specifically, in Thomas, the Fifth Circuit held that the district court abused its discretion at trial by allowing jury interrogatories regarding a claim that was not included within the scope of the pertinent EEOC Charge.   Applying Thomas' reasoning, Plaintiffs make a jurisprudential leap in logic and argue that their EEOC Charges are not "to be strictly construed" and, thus, the factual statements therein should not be used for impeachment.

Plaintiffs' Motion for New Trial misses the mark on this issue for several reasons.  First, the Sanchez and Thomas holdings do nothing to support Plaintiffs' arguments because they did not involve a party using EEOC Charges for impeachment purposes.  In fact, and as expressly noted by the Fifth Circuit in *Sanchez*, neither case addresses the underlying merits or veracity of the factual statements in the EEOC Charges.  Instead, the cases merely analyzed the "technical barricades" (particularly, the exhaustion of administrative remedies) potentially barring the claims alleged in the EEOC Charges from judicial review.  *Sanchez*, 431 F.2d at 467.   Hence, the only authority cited as supporting Plaintiffs' Motion for New Trial on this issue is wholly misinterpreted and misapplied.

Furthermore, as noted by the Court during trial, evidence of a prior inconsistent statement may be used to impeach a witness during cross examination.  Fed. R. Evid. 613(b).  See also, *Great West Cas. Co. v. Rodriguez-Salas*, 436 Fed. Appx. 321, 327 (5th Cir. 2011) (holding that extrinsic evidence of an inconsistent statement is allowed for impeachment so long as that

witness is afforded an opportunity to explain or deny the statement(s)).  Plaintiffs' EEOC

Charges, which state the factual "particulars" of their discrimination claims against NOV, are the

sworn statements of Plaintiffs themselves that they submitted to the EEOC.  42 U.S.C. 706(b).

The pertinent authority shows that the Court did not err by allowing NOV to use these sworn

statements for impeachment purposes, and Plaintiffs have not cited to any binding or persuasive

law holding otherwise.

Finally, and most importantly, Plaintiffs waived any objection to the admissibility of the

EEOC Charges as trial evidence, since these documents were included in Plaintiffs' Amended

Exhibit List as their own exhibits.  See *KB Home v. Antares Homes, Ltd*, 2008 WL 4692837 at

*5 (N.D. Tex. Oct. 23, 2008) (holding that the plaintiff waived its objection to the admissibility

of documents since it previously offered them into the record without objection and failed to

show good cause to excuse such waiver).  Plaintiffs' Motion for New Trial does not reference or

attach any portion of the trial transcript showing that they raised an objection to the use of these

EEOC Charges during trial, so they have not demonstrated that the Court committed a

prejudicial error by allowing NOV to use the EEOC Charges as impeachment evidence.

Accordingly, Plaintiffs have not met their burden under Rule 59 and their motion for new trial

should not be granted on this issue.

## IV.      THE COURT DID NOT ERR BY ALLOWING NOV TO USE THE STATEMENT OF FACTS IN THE AMENDED COMPLAINT DURING CROSS-EXAMINATION.

As with the EEOC Charges, Plaintiffs' Motion for New Trial does not cite to any binding

authority demonstrating that the Court erred in allowing NOV to cross-examine Plaintiffs

regarding the prior inconsistent statements contained in their Amended Complaint.   Instead,

Plaintiffs misattribute a legal rationale to NOV for its use of factual allegations and argue against

that rationale.  *See* Mot. New Trial, ECF. No. 199 at 9–11 ("[t]he legal rationale for the use of

the first amended complaint . . . was that any inconsistent statements in the pleading were, by definition, judicial admissions").  Their arguments concerning the factual allegations do not establish that they are entitled to a new trial because NOV used the facts from the Amended Complaint consistent with case law, the Federal Rules of Evidence, and the relevant orders in *limine* in this case.[6]

Plaintiffs' allegations that factual statements from the Amended Complaint cannot be used because their lawyers drafted the complaint and the Plaintiffs did not verify the pleading is unsupported by law.  Factual assertions in pleadings can operate as evidentiary admissions.  *See, e.g.*, *In re Zonagen, Inc. Securities Litigation*, 322 F.Supp.2d 764, 783 (S.D. Tex. June 13, 2003) ("Statements a party makes in pleadings in one case that are inconsistent with the positions a party takes in another case may be admissible as admissions against interest and for impeachment.") (citing *Dugan v. EMS Helicopters, Inc.*, 915 F.2d 1428, 1434 (10th Cir.1990)); Fed. R. Evid. 801(d)(2) (written assertions made by agents of the Plaintiffs and offered against the Plaintiffs by a party opponent are admissible non-hearsay).  This is a proposition of law that Plaintiffs have already accepted.  *See, e.g.*, Jury Trial Tr. Day 7 (Morning Session), Sept. 24, 2015 at 118:2–11.  In addition, Plaintiffs' reliance on *Martinez v Bally's Louisiana, Inc.*, 244 F.3d 474 (5th Cir. 2001) is misplaced.  In *Martinez*, an attorney's statement waiving a plaintiff's claims of physical injury was a judicial admission that was conclusively binding on the plaintiff and could not be later controverted by an affidavit.  244 F.3d at 477.  NOV did not contend— expressly or otherwise—that Plaintiffs were bound by judicial admission to the factual allegations in their complaint.  Rather, NOV properly cross-examined the Plaintiffs on these evidentiary admissions.  *See, e.g.*, *White v. ARC/Polymers, Inc.*, 720 F.2d 1391, 1396 (5th Cir.

---

[6] *See supra*, Section I, for arguments that the factual allegations were used consistently with the orders in *limine* in this case.

1983) (commenting on propriety of using factual assertions as evidentiary admissions when opposing party did not contend that they were conclusively binding as judicial admissions). Accordingly, it was proper for NOV to use the factual allegations against various Plaintiffs at trial.

Building on their fallacious position, Plaintiffs claim that NOV "improperly represented" at trial that the Amended Complaint was sworn testimony and authored by Plaintiffs. Plaintiffs' failure to cite the trial transcript to support these "improper representations" is a glaring omission. They cannot do so because NOV did not, at any point during trial, assert that Plaintiffs drafted the complaint or that the pleading was a sworn statement. There was simply no need for NOV to make any such representations: The Court repeatedly (and correctly) acknowledged during trial that the factual statements in the Amended Complaint and EEOC Charges were statements made by counsel as designated agents on behalf of each Plaintiff. Moreover, Plaintiffs' assertion is directly contradicted by Rule 11(a) of the Federal Rules of Civil which specifically states that a complaint "need not be verified or accompanied by an affidavit." Fed. R. Civ. P. 11(a). For all of these reasons, Plaintiffs failed to establish that the Court erred in allowing NOV to cross examine Plaintiffs regarding the Amended Complaint and, accordingly, are not entitled to a new trial on this ground.

V.       **THE COURT DID NOT COMMIT A PREJUDICIAL ERROR BY ALLOWING NOV TO REFERENCE THE FMC COMPLAINT.**

The parties argued the issue of the use of a complaint filed in *Bryant v. FMC Technologies, Inc.*, No. 08-cv-03744 (S.D. Tex. Dec. 26, 2008), ECF No. 1, exhaustively before the Court at trial.   *See* Jury Trial Tr. Day 9 (Afternoon Session), Sept. 29, 2015 at pp. 2–14. During trial, and now in their motion for new trial, Plaintiffs argue the *FMC* complaint is not relevant to the instant lawsuit.   Plaintiffs also argue that NOV's use of the *FMC* complaint was

unduly prejudicial because it confused the issues and ultimately "held Plaintiffs responsible" for their counsel's litigation strategy.

As pointed out by the Court at trial, the *FMC* complaint was undoubtedly relevant to this litigation – and it was particularly pertinent to NOV's defense during Plaintiff Junious Vital's cross examination. Mr. Vital opened the door to questioning regarding the *FMC* complaint when he testified that he "did not know the details of that case." *See* Jury Trial Tr. Day 9 (Morning Session), Sept. 29, 2015 at 86: 17-19. In response to Plaintiffs' objections at trial, NOV argued, and the Court agreed, that a Facebook message from Mr. Vital to Pam Jiles[7], suggested that Mr. Vital did indeed have knowledge regarding the details of the *FMC* case and NOV had a basis to impeach Mr. Vital's testimony based on the overwhelming factual similarities between Plaintiffs' Amended Complaint and those in the *FMC* complaint. *See* Jury Trial Tr. Day 9 (Afternoon Session), Sept. 29, 2015 at 12:25, 13:1-5.[8] The Court further noted that she had allowed Plaintiffs "a lot of leeway" when testifying regarding their alleged discriminatory experiences while working at NOV, despite NOV's repeated Rule 37 objections that Plaintiffs' factual allegations had greatly expanded throughout the litigation and trial such that they mirrored the factual claims in the *FMC* complaint. After hearing arguments from both parties, the Court concluded that questioning Plaintiffs (particularly, Mr. Vital, who hired the lawyers who "won the *FMC* case" and used that fact as a recruitment tool for other actual and potential Plaintiffs) regarding the *FMC* complaint was pertinent to NOV's defense and, accordingly, NOV was entitled to present that defense at trial. At the close of the discussion, the Court firmly stated that her ruling regarding NOV's use of the *FMC* complaint was "the proper one." *See* Jury Trial

---

[7] See Defendant's Exhibit 216.
[8] Ironically, Plaintiffs' Motion for New Trial points to the Facebook message from Mr. Vital to Pam Jiles as one of the viable "tools" available to NOV for impeaching Plaintiffs' testimony, thereby torpedoing their own weak argument. Mot. New Trial, ECF No. 199 at 13.

10

Tr. Day 9 (Afternoon Session), Sept. 29, 2015 at 13:8-12.  As established by the trial record, the Court certainly had justified grounds for recognizing that the probative value of the *FMC* complaint outweighed any potential prejudice.

Plaintiffs' assertion that NOV is attempting to hold them responsible for their attorneys' litigation strategy is directly controverted by the trial transcript, in which NOV outright denied that the *FMC* complaint was used to raise questions regarding opposing counsel's litigation strategy.  In fact, the Court affirmatively agreed that NOV was not utilizing the *FMC* complaint to accuse Plaintiffs' counsel of any wrongdoing or intention to copy the *FMC* complaint verbatim for this lawsuit.  *See* Jury Trial Tr. Day 9 (Afternoon Session), Sept. 29, 2015 at 7: 11-21.  Instead, the record clearly reflects NOV's defense theory that Plaintiffs (not their counsel) took it upon themselves to model their claims against NOV based on those in the (successful) *FMC* complaint.  *Id*.  Opposing counsel's litigation strategy has never been at issue and had no bearing on NOV's use of the *FMC* complaint.  Rather, NOV attempted (successfully) to demonstrate to the jury that Mr. Vital used the *FMC* matter to recruit other actual and potential Plaintiffs, that Plaintiffs' factual allegations developed from sparse, routine allegations into a nearly identical recitation of the sensational allegations made in the *FMC* case, and that because of that factual transformation, Plaintiffs' allegations were unworthy of belief.  Plaintiffs themselves (Mr. Vital, specifically) provided the link for this entire theory by referencing the *FMC* Complaint when recruiting others for "help" with their lawsuit.

Finally, Plaintiffs have not cited any support for their argument the jury encountered any potential confusion or undue prejudice on this issue while deliberating.  Plaintiffs have not only failed to show that the Court erred in allowing NOV to use the *FMC* complaint, but they also failed to establish that the use of the *FMC* complaint greatly affected Plaintiffs' substantive

rights at trial.  This failure is fatal to Plaintiffs' argument for a new trial and, accordingly, Plaintiffs motion should be denied.

## VI.    PLAINTIFFS    MAKE    BASELESS    ACCUSATIONS    OF    ATTORNEY MISCONDUCT.

Plaintiffs preface a laundry list of unsupported accusations in the sixth section of their Motion for New Trial with another understatement of governing law.  "When counsel for either party makes an improper statement during trial, '[the court] must determine whether the remark impaired a substantial right of the objecting party.'" *Winter,* 926 F.2d at 473 (quoting *Dixon v. Int'l Harvester Co.*, 754 F.2d 573, 585 (5th Cir. 1985)).  NOV's counsel did not advance improper comments that impaired the substantial rights of Plaintiffs; the Court should deny Plaintiffs Motion for New Trial on the grounds they advance in their sixth section as well.

Plaintiffs' vague complaints about questions NOV's counsel asked at trial are meritless because NOV complied with the Federal Rules of Evidence.  Without giving a single example, Plaintiffs state that "we have a repeated pattern of questioning witnesses that were, in effect, arguments and speeches, with brief questions tacked on at the end for the sake of appearance." Mot. New Trial, ECF. No. 199 at 14.  NOV denies this claim and notes that it cross-examined witnesses consistent with the Federal Rules of Evidence.  Federal Rule of Evidence 611(c) permits the use of leading questions in certain circumstances, including cross-examination.  A "leading question" is a "question that suggests the answer to the person being interrogated; esp., a question that may be answered by a mere 'yes' or 'no.'" *Leading Question*, *Black's Law Dictionary* (10th ed. 2014).  NOV's counsel properly used leading questions as it conducted cross-examinations throughout trial.  *See, e.g.*, Jury Trial Tr. Day 9 (Morning Session), Sept. 29, 2015 at 76:5–78:8.  NOV also denies that were was anything improper about the volume or intonation of its cross-examination of "certain Plaintiffs" when "questions were . . . coupled with

12

a raising of the voice." Mot. New Trial, ECF. No. 199 at 15.  It is a common convention of spoken English to inflect one's voice at the end of a statement to indicate inquiry.

In what Plaintiffs allege is "the most obvious form of misconduct" by NOV's attorneys, counsel for NOV cross-examined the qualifications of Plaintiffs' expert, Dr. Kenneth Lehrer, consistent with the Federal Rules of Evidence.  Plaintiffs argue that on cross-examination, NOV's counsel "dredged up unrelated matters . . . most of which were irrelevant to the testimony at hand." Mot. New Trial, ECF. No. 199 at 15.  Federal Rule of Evidence 702 permits a "witness who is qualified as an expert" to provide certain opinion testimony.  *See also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999).   Counsel for NOV asked questions probative of Dr. Lehrer's qualifications to testify as a valuation expert during cross-examination.  *See, e.g.*, Jury Trial Tr. Day 11 (Afternoon Session), Oct. 1, 2015 at 43:7–44:14, 47:1–49:17 (concerning whether he had been disqualified to serve as an expert previously).  And consistent with Federal Rule of Evidence 613, NOV's counsel cross-examined Dr. Lehrer as to prior statements he made concerning his qualifications to serve as an expert.   *See id.* at 38:10–41:20; 47:1–49:17. Plaintiffs could have objected to the content of Dr. Lehrer's testimony after he made reprehensible answers.  But they did not.  Their omissions at trial foreclose current complaint.

Counsel for NOV neither engaged in broadside attack on Plaintiffs' lead trial counsel during closing argument, nor disparaged the Alioto Law Firm throughout the trial.  NOV's counsel refuted Plaintiffs' allegations and arguments during closing.  *See, e.g.*, Jury Trial Tr. Day 13 (Second Session), Oct. 5, 2015 at 6:3–46:4 (cataloging inconsistent allegations and unfulfilled promises).  Throughout trial, NOV's attorneys referred to the Alioto Law Firm filing complaints and submitting EEOC charges on behalf of Plaintiffs.  *See, e.g.*, Jury Trial Tr. Day 6 (Afternoon Session), Sept. 22, 2015 at 111:20–112:9; Jury Trial Tr. Day 9 (Morning Session), Sept. 29, 2015

at 56:6–11; 81:8–10; Jury Trial Tr. Day 9 (Afternoon Session), Sept. 29, 2015 at 47:15–16. Mentioning these activities is in no way disparaging.  If Plaintiffs now take issue with the shorthand of "AA" or "BA" used occasionally, it is worth noting that their counsel had no qualms employing it at trial.  *See, e.g.*, Jury Trial Tr. Day 4 (Morning Session), Sept. 19, 2015 at 126:3–8.

The final category of alleged misconduct is the breach of applicable local rules.[9] Plaintiffs suggest in their citation to the Local Rules for the United States District Court for the Southern District of Texas that NOV's counsel either made "disparaging remarks," demonstrated "acrimony toward Counsel," or did not "abstain from unnecessary references to opposing Counsel, especially peculiarities."  *See* Mot. New Trial, ECF. No. 199 at 15.  The record reveals otherwise.[10]  Time and again, NOV's counsel made no mention of the expressions Plaintiffs' counsel made to witnesses.  *See, e.g.*, Jury Trial Tr. Day 7 (Morning Session), Sept. 24, 2015 at 22:19–21 (remarking on observed facial expressions that previously were not commented on). And this was behavior that was ultimately admonished by the Court.  *E.g.*, *id.* at 112:12–15 ("It is not an appropriate reaction to a ruling to make a face that the jury can see over and over again.").

NOV's counsel "adhere[d] to the higher standard of conduct which judges, lawyers, clients, and the public may rightfully expect."  Mot. New Trial, ECF No. 199 at 16 (quoting *United States District Court for the Southern District of Texas Local Rules* (2000) 34).   NOV counsel consistently referred to individuals in the proceeding with due respect.  *Compare* Jury Trial Tr. Day 2, Sept. 16, 2015 at 25:4–7 ("Herbert, could you stand up?"), *with* Jury Trial Tr. Day 3 (Morning Session), Sept. 17, 2015 at 22:23–24 ("Mr. Heard didn't testify to a noose at all

---

[9] "[G]iven its repetition" and the "profound[], unfair effect on the consideration of the Plaintiffs' case" this supposed misconduct had, it is remarkable that Plaintiffs proffer no example.  Mot. New. Trial, ECF. No. 199 at 11–12.
[10] *See supra*, at p. 14, for response to claim that NOV Counsel made disparaging remarks about opposing counsel.

yesterday."). NOV counsel stood while objecting. *Cf.* Jury Trial Tr. Day 12 (Morning Session), Oct. 2, 2015 at 9:14–21. NOV counsel did not intentionally seek to introduce verboten evidence. *Cf. id.* at 69:2–3 ("Do you know whether or not NOV has an insurance policy that would cover a verdict like this?"). NOV counsel were mindful of putting on a crisp defense. *E.g.*, Jury Trial Tr. Day 7 (Morning Session), Sept. 24, 2015 at 4:15–16 ("I'm pleased to report we have eliminated 11 witnesses."). And NOV counsel came prepared to deliver zealous, diligent advocacy at trial.

The misconduct Plaintiffs allege is without merit. It is no ground for granting a new trial.

**VII.    CONCLUSION**

All claims of error Plaintiffs allege in their motion for new trial are inaccurate, have been waived already, or are harmless. Plaintiffs have failed to carry their burden of proof under Federal Rule of Evidence 59. Therefore, NOV asks this Court to deny their motion.

Respectfully submitted,

*/s/ Christopher E. Moore*
Christopher E. Moore, Esq. (Attorney-in-Charge),
TX Bar No. 24052778; SDTX Bar No.  713063
Christine M. White, Esq.
TX Bar No. 24068713; SDTX Bar No.  712655
Jennifer L. Englander, Esq.
LA Bar No. 29572; SDTX Bar No. 1430436
Monique R. Gougisha-Doucette, Esq.
LA Bar No. 28057, SDTX Bar No. 1552047
**OGLETREE, DEAKINS, NASH, SMOAK , & STEWART,
P.C.**
701 Poydras Street, Suite 3500
New Orleans, LA 70139
Telephone:  (504) 648-3840
Facsimile:  (504) 648-3859
Christopher.Moore@ogletreedeakins.com
Christine.White@ogletreedeakins.com
Jennifer.Englander@ogletreedeakins.com
Monique.Gougisha@ogletreedeakins.com

**AND**
John Zavitsanos, Esq.
TX Bar Bar No. 22251650
Federal No. 9122
**AHMAD, ZAVITSANOS, ANAIPAKOS, ALVAVI &
MENSING, P.C.**
1221 McKinney Street, Suite 3460
Houston, Texas 77010
Telephone:  (713) 655-1101
Facsimile:  (713) 655-0062
jzavitsanos@azalaw.com

Attorneys for Defendant, National Oilwell Varco, L.P.

16

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Defendant National Oilwell Varco's Opposition to Plaintiffs' Motion for New Trial has been served on the following counsel of record via the Court's Electronic Filing/Notification System:

> Angela M. Alioto, Esq.
> Steven Lloyd Robinson, Esq.
> Matthew J. Wayne, Esq.
> Angela Mia Veronese, Esq.
> Law Offices of Mayor Joseph L. Alioto and Angela Alioto
> 700 Montgomery St.
> San Francisco, CA 94111
> angelaav@aol.com, srobinson@aliotolawoffices.com,
> mwayne@aliotolawoffices.com, amv@aliotolawoffices.com

This 2nd day of November, 2015.

*/s/ Christopher E. Moore*