United States District Court
Southern District of Texas

**ENTERED**

November 30, 2015

David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| JUNIOUS VITAL, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-12-1357 |
| | § | |
| NATIONAL OILWELL VARCO, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER ON NOV'S MOTION FOR AWARD OF COSTS**

The remaining issue in this case is NOV's motion for award of costs. (Docket Entry No. 200). NOV seeks $119,302.67. The plaintiffs object on a number of grounds, and NOV has responded.[1] (Docket Entry Nos. 203, 205). Based on reviewing the bill of costs, the objections, and the response; the record; and the applicable law, the court grants in part and denies in part NOV's motion, awarding NOV $85,422.71 in taxable costs. The reasons are explained below.

**I.       The Applicable Law**

"Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). "[T]he word 'should' makes clear that the decision whether to award costs ultimately lies within the sound discretion of the district court." *Marx v. Gen. Revenue Corp.*, 133 S. Ct. 1166, 1172 (2013). Even if a federal statute does not specifically authorize recovery of costs in a particular case, "Rule 54(d)(1) independently authorizes district courts to award costs to prevailing parties" unless a statute

---

[1] NOV originally asked for $120,127.67. In its response, NOV withdrew items, reducing the amount it sought by $825.00 to $119,302.67.

or rule precludes it.  *Id.* at 1174 n.5.  The Rule "does not *require* courts to award costs to prevailing [parties]."  *Id.* at 1178 n.9.  Rather, it gives the court discretion based on the circumstances each case presents.

A federal statute "defines the term 'costs' as used in Rule 54(d)."  *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987).  Under 28 U.S.C. § 1920, a district court may tax as costs:

    (1)     Fees of the clerk and marshal;

    (2)     Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

    (3)     Fees and disbursements for printing and witnesses;

    (4)     Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

    (5)     Docket fees under section 1923 of this title; [and]

    (6)     Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Absent objection, the court presumes that statutorily authorized costs were necessarily incurred and will be taxed.  *See Embotelladora Agral Regiomontana, S.A. de C.V. v. Sharp Capital, Inc.*, 952 F. Supp. 415, 417 (N.D. Tex. 1997) ("[I]n the absence of a specific objection, deposition costs will be taxed as having been necessarily obtained for use in the case.").  An objection shifts that burden to require the party seeking costs to show that otherwise authorized costs were necessary.  *Jerry v. Fluor Corp.*, No. 10-1505, 2012 WL 4664423, at *2 (S.D. Tex. Oct. 2, 2012) (citing *Fogleman v. ARAMCO*, 920 F.2d 278, 286 (5th Cir. 1991)).

## II.    Costs Under § 1920(1)

NOV seeks $2,435.00 for fees for the service of subpoenas.  Section 1920 does not include

these costs absent exceptional circumstances.  *Cypress-Fairbanks Indep. Sch. Dist. v. Michael F.*, 118 F.3d 245, 257 (5th Cir. 1997).

NOV cites *Gaddis v. United States*, 381 F.3d 444 (5th Cir. 2004) (en banc), for the proposition that "section 1920(1)'s phrase '[f]ees of the clerk and marshal' has been interpreted . . . to include private process servers' fees as taxable costs." *Id.* at 456.  But this sentence refers to how the Ninth Circuit has interpreted the federal costs statute.  The *Gaddis* court recognized that "there is no express provision authorizing the payment of private process servers in § 1920." *Id.*  The Fifth Circuit has recently clarified that *Gaddis* "did not . . . adopt the Ninth Circuit's interpretation" of § 1920(1) and that the holding in *Cypress-Fairbanks*—that "absent exceptional circumstances, the costs of a private process server are not recoverable under Section 1920"—still governs.  *Marmillion v. Am. Int'l Ins. Co.*, 381 F. App'x 421, 431 (5th Cir. 2010) (per curiam).

NOV has not shown exceptional circumstances.  These costs are denied, reducing the total requested by $2,435.00.  (Docket Entry No. 200, Ex. 3, p. 2, ll. 11–23).

## III.    Costs Under § 1920(2)

NOV seeks $87,368.11 for fees for printed or electronically recorded transcripts.  Each is analyzed below.

### A.       Videotapes of Depositions

The plaintiffs object to taxing costs for video recordings of the eight plaintiffs' depositions, as well as the depositions of Allen Lane, Pam Jiles, and Erika Lane.  The plaintiffs' argument that these costs are not taxable is unpersuasive.  The Judicial Administration and Technical Amendments Act of 2008, Pub. L. No. 110-406, 122 Stat. 4291, amended 28 U.S.C. § 1920(2) to encompass "[f]ees for printed *or electronically recorded transcripts* necessarily obtained for use in the case."

In light of that change, "the Fifth Circuit [now] recognizes costs for videotapes of depositions." *Oldham v. Thompson/Center Arms Co.*, No. 4:12-cv-2432, 2014 WL 1794861, at *5 (S.D. Tex. May 5, 2014) (citing *S&D Trading Academy, LLC v. AAFIS, Inc.*, 336 F. App'x 443, 450–52 (5th Cir. 2009) (per curiam)).

The plaintiffs argue in the alternative that the videotape recordings were not necessarily obtained for use in the case because NOV was able to cross-examine and impeach the plaintiffs and the witnesses using only "one or two five-second video clips" at trial. (Docket Entry No. 203 at p. 4–5). But the law is clear that "a deposition need not be introduced into evidence at trial in order to be necessarily obtained for use in the case." *Fogleman*, 920 F.2d at 285 (quotation marks omitted). "If, at the time it was taken, a deposition could reasonably be expected to be used for trial preparation, rather than merely for discovery, it may be included in the costs of the prevailing party." *Id.* "Whether a deposition or copy was necessarily obtained for use in the case is a factual determination to be made by the district court." *Id.* at 285–86.

The record shows that when NOV took the plaintiffs' depositions, it reasonably expected to use the videotape recordings to prepare for and try the case. *See Favata v. National Oilwell Varco, LP*, No. 2:12-cv-82, 2014 WL 5822781, at *2 (S.D. Tex. Nov. 10, 2014) ("[C]ourts in this district have often awarded deposition costs for both a written transcript and video recording when considered appropriate trial preparation under the circumstances of the particular case."). The video recordings for the other three witnesses' depositions, however, were not necessarily obtained for use in the case. NOV has not shown that it reasonably expected to use these videotapes to prepare for trial or to try the case. Allen Lane and Pam Jiles were both closely related to individuals or events central to the case, and it was clear that they would testify as live witnesses. NOV was able to use

4

their written deposition transcripts to cross-examine them.  (Docket Entry No. 171 at p. 36–83; Docket Entry No. 187 at p. 130–43).  Erika Lane did not testify and was mentioned barely, if at all, during the trial.

The plaintiffs' objections to the costs of videotaping the depositions are sustained in part and overruled in part.  Costs are awarded for the costs relating to deposing the eight plaintiffs and denied for the other three witnesses, reducing the costs sought by $3,675.00.  (Docket Entry No. 200, Ex. 3, p. 3–4, ll. 35, 45, 65).

NOV also seeks costs for video synchronization.  These costs are not enumerated in § 1920. *See Oldham*, 2014 WL 1794861, at *5.  The objection is sustained, and these costs are not awarded, reducing the amount by $9,000.00.  (Docket Entry No. 200, Ex. 3, p. 5, ll. 72–83).

### B.    Daily Transcripts

The plaintiffs object to including the costs of daily transcripts of different court proceedings. "To award the cost of daily transcripts [under § 1920(2)], the court must find that they were not obtained primarily for the convenience of the parties but were necessarily obtained for use in this case." *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994) (per curiam) (quotation marks omitted).  The disputed transcripts are analyzed below.

### 1.    The February and April 2013 Discovery Hearings and the October 2014 Status Conference

The record does not show that these daily transcripts were necessarily obtained for use in the case.[2]  Details from the discovery hearings and the status conference were codified in minute entries

---

[2]  The parties refer to a status conference that took place on November 29, 2014.  This appears to be a typographical error, because the record does not show that a status conference took place on that date. Instead, the conference took place a month earlier.  (Docket Entry No. 96).

that summarized the court's rulings and orders.  (Docket Entry Nos. 45, 55, 96).  *See Favata*, 2014 WL 5822781, at *3.  These daily transcripts were solely for the parties' convenience.  The objection is sustained, reducing the costs by $337.25.  (Docket Entry No. 200, Ex. 3, p. 3–4, ll. 32, 48, 71).

### 2.        The May 2015 Pretrial Conference

The record shows that these transcripts were necessarily obtained for use in the case.  The pretrial conference included extensive discussions of voir dire and trial procedures.  (Docket Entry Nos. 130–31).  The court ruled on the parties' *limine* motions and the admissibility of certain exhibits.  NOV used these transcripts to support a supplemental *limine* motion and a memorandum on evidence of second-hand harassment.  (Docket Entry Nos. 116, 132).  The objection is overruled, and these costs are awarded.

### 3.        The Jury Trial Transcripts

The record shows that these transcripts were necessarily obtained for use in the case.  The trial took weeks and many witnesses testified.  NOV frequently referred to the plaintiffs' prior inconsistent testimony in cross-examining witnesses.  NOV's closing argument used what plaintiffs' counsel had said in opening statement.  (Docket Entry No. 196).  The objection is overruled, and these costs are awarded.

### C.        Electronic Transcripts

The plaintiffs object to awarding costs for the electronic copies of the depositions of David Evans, Billy Clayburn, Simon Guajardo, Tammy Hurl, Lara Isaacs, Gina Mears, Terry Ivy, Samantha Slack, Larry Engel, Omar Barajas, Gregory Southerland, and Rady Kelley.  The plaintiffs again argue that § 1920(2) "does not authorize the taxation of costs for electronic copies of

depositions." (Docket Entry No. 203 at p. 12).  Section 1920(2) does authorize taxing these costs if they were taken with the reasonable expectation of using them to prepare for trial or to try the case.  That showing is satisfied here.  These witnesses were on the "will call" witness lists, although some did not end up testifying.  (Docket Entry No. 111, Ex. 7).  The objection is overruled, and these costs are awarded.

The plaintiffs object to taxing the costs for the copy of David Lane's deposition because its delivery was expedited.  NOV concedes that the deposition was expedited but argues that "Mr. Lane's refusal to answer counsel's questions" required an additional deposition session, and "[t]he transcript was needed on an expedited basis to prepare for . . . the February 26, 2013 discovery hearing wherein the continuation of Mr. Lane's deposition was discussed." (Docket Entry No. 205 at p. 17–18).  At the discovery hearing, the court ruled that NOV could "depose Mr. Lane for an additional 2 hours at a convenient time and place, when and where other depositions are scheduled." (Docket Entry No. 45).  The issue is whether NOV's need to depose Mr. Lane a second time because of his initial refusal to answer questions justifies the extra cost of obtaining the first deposition transcript on an expedited basis.

The cost of an expedited transcript is not taxable absent prior court approval "unless the special character of the litigation necessitates the expedited receipt of the transcripts."  *See Thanedar v. Time Warner, Inc.*, 352 F. App'x 891, 903 (5th Cir. 2009) (per curiam) (citing *Fogleman*, 920 F.2d at 286).  David Lane's refusal to answer questions in his deposition required NOV to move for a second deposition.  To prevail at the hearing on that motion in the short time remaining after the first deposition, NOV had to obtain the transcript of the first deposition on an expedited basis.  *See id.*  The objection to taxing that cost is overruled, and it is included in the amount.

7

## IV.    Costs Under § 1920(3)

Section 1920(3) "is the statutory authority for the taxation of costs for witness fees."

*Holmes*, 11 F.3d at 64.  "This subsection must be read in conjunction with section 1821 which, in

effect, defines the taxable fees and disbursements associated with witnesses."  *Id.*  "[T]he recovery

of witness fees under § 1920 is strictly limited by § 1821, which authorizes travel reimbursement

and a $40 per diem."  *Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 298 (2006).

The plaintiffs object to including in the taxable costs fees for witnesses designated to testify

at trial, who traveled to the courthouse and waited, but who did not end up testifying because the

lawyers believed that other evidence made it unnecessary.  (Docket Entry No. 111, Ex. 7).  The

plaintiffs' argument finds no support in Fifth Circuit case law.  "[A] court may award [witness fees]

if the witness was ready to testify but extrinsic circumstances rendered his testimony unnecessary."

*Nissho-Iwai Co. v. Occidental Crude Sales*, 729 F.2d 1530, 1553 (5th Cir. 1984); *see also United*

*Teachers Assocs. Ins. Co. v. Union Labor Life Ins. Co.*, 414 F.3d 558, 574 (5th Cir. 2005) (same).

The objection is overruled, and these costs are awarded.

## V.    Costs Under § 1920(4)

The plaintiffs object to including the fees for the exemplification and copying of certain

documents because they have "absolutely nothing to do with [their] claims in this case."  (Docket

Entry No. 203 at p. 10).  The documents are medical, financial, criminal-history, social-media, and

work records that NOV obtained from third parties for a fee.  NOV argues that these documents

were relevant because the plaintiffs' claims "implicated their job performance at NOV" and "sought

damages for back pay, front pay, and mental anguish/emotional distress."  (Docket Entry No. 205

at p. 14).  The record shows that the documents were relevant to the claims asserted and the damages

sought.  *See Nunez v. City of Tex. City*, No. 3:08-080, 2010 WL 231773, at *1 (S.D. Tex. Jan. 20, 2010).  Because the record shows that the exemplification and copying costs were necessarily obtained for use in the case, the plaintiffs' objection is overruled, and these costs are included.

## VI.   "Other" Costs

The plaintiffs object to "other" costs, including costs for background research and discovery of electronically stored information.  NOV responds that these costs are taxable under § 1920(4). (Docket Entry No. 205 at p. 15–16).

NOV explains that it conducted "investigative background research" by obtaining reports about the plaintiffs' criminal and legal histories.  The court finds that these reports were not necessarily obtained for use in the case.  Awarding costs for obtaining these records appears to duplicate costs NOV has already been awarded for obtaining third-party records about the plaintiffs' backgrounds.  The objection to these costs is sustained.

NOV seeks costs for computer and other research to get trial witnesses' contact information to subpoena them.  Electronic-research costs are not recoverable under § 1920(4).  *Spenrath v. Guardian Life Ins. Co.*, No. 4:11-cv-1979, 2014 WL 710412, at *3 (S.D. Tex. Feb. 21, 2014).  These costs are denied.

NOV also seeks costs for monthly expenses associated with maintaining a database of electronically stored information used to locate, retrieve, and store the plaintiffs' emails.  The Fifth Circuit has not addressed whether this type of discovery cost is taxable under 28 U.S.C. § 1920(4). The Third and Fourth Circuits have held that it is not.  *See Country Vintner of N.C., LLC v. E&J Gallo Winery, Inc.*, 718 F.3d 249 (4th Cir. 2013); *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 674 F.3d 158 (3d Cir. 2012).  The analysis in these cases is thorough, thoughtful, and persuasive.

NOV cites *Chenault v. Dorel Indus., Inc.*, No. A-08-CA-354-SS, 2010 WL 3064007, at *4 (W.D. Tex. Aug. 2, 2010), in which the court awarded similar costs under 28 U.S.C. § 1920(3) because "the electronic data was produced in lieu of extremely costly paper production." That case, decided before the Third and Fourth Circuit decisions, rests on policy reasons supporting taxing similar costs to conduct and manage discovery into electronically stored information. The court did not base its analysis on the meaning of "printing" in § 1920(3) or "copies" or "exemplification" in § 1920(4). The court's analysis does not sufficiently focus on the statutory language or take into account other case law limiting taxable costs in light of that language. *See, e.g., Taniguchi v. Kan Pacific Saipan, Ltd.*, 132 S. Ct. 1997, 2006 (2012) ("Taxable costs are limited to relatively minor, incidental expenses [and] are modest in scope."). And the *Chenault* court awarded costs under § 1920(3), while NOV appears to seek these costs under § 1920(4). That case is unpersuasive.

In a similar context, this court observed that:

> [t]he steps that [the cost applicant] had the third-party vendor perform do not appear to be electronic equivalents of exemplification and copying. Rather, these steps appear to be the processing of tapes to locate, retrieve, and store information that might be responsive to a production request. The steps of extracting data from an electronic medium and storing that data for possible use in discovery is more like the work of an attorney or legal assistant in locating and segregating documents that may be responsive to discovery than it is like copying those documents for use in a case. The extraction and storage did not involve certification of public documents or the preparation of demonstrative exhibits. Nor does [the cost applicant] assert that the extraction and storage involved electronically scanning information to be produced in electronic form. [The costs] are not within the "exemplification and copying" category of § 1920.

*Kellogg Brown & Root Int'l, Inc. v. Altannia Commercial Mktg. Co. WLL*, No. H-07-2684, 2009 WL 1457632, at *5 (S.D. Tex. May 26, 2009). The objection to these costs is sustained, reducing this part of the taxable costs by $18,432.61. (Docket Entry No. 200, Ex. 3, at p. 19, ll. 320–38).

10

**VII.    Conclusion**

NOV's motion for award of costs is granted in part and denied in part.  (Docket Entry No. 200).  NOV seeks $119,302.67.  The court reduces the award by $2,435.00 under § 1920(1); $13,012.25 under § 1920(2); and $18,432.61 under § 1920(4).  The total reduction is $33,879.96. The total cost award is $85,422.71.

SIGNED on November 30, 2015, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

11